# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Michelle Arbor,<br><br>    Plaintiff,<br><br>v.<br><br>Bayside Asset Recovery, LLC,<br><br>And<br><br>Shawn M. Bure,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Houston, Texas at all times relevant to this action.

3. Defendant Bayside Asset Recovery, LLC ("Bayside") is an Arizona Limited Liability Company that maintained its principal place of business in Chandler, Arizona at all times relevant to this action.

4. Bayside is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. Defendant Shawn M. Bure ("Bure") is a natural person and a member of Bayside who resided in Chandler, Arizona at all times relevant to this action.

6. Bure is a "debt collector" as defined by 15 U.S.C. §1692a(6).

7. As described below, Defendants attempted to collect a debt from Plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. On or around July 28, 2009, Bayside telephoned Plaintiff's father-in-law ("Calvin").

10. During this communication, Bayside disclosed that Plaintiff owed the debt.

11. During this communication, Bayside falsely represented that Plaintiff had committed fraud and that Bayside was preparing to sue Plaintiff.

12. On or around July 28, 2009, Bayside telephoned Plaintiff at Plaintiff's place of employment.

13. During this communication, Plaintiff notified Bayside that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Bayside's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

14. Despite this notice, Bayside telephoned Plaintiff's place of employment four more times that day with the intent to harass Plaintiff.

15. During at least one of these communications, Bayside spoke to Plaintiff in a harassing, oppressive, and/or abusive manner.

16. During at least one of these communications, Bayside threatened to have Plaintiff arrested at her place of employment.

17. During at least one of these communications, Bayside spoke to the receptionist at Plaintiff's place of employment and falsely represented that Bayside was affiliated with the courts.

18. Throughout the remainder of 2009, Bayside continued to call Plaintiff at her place of employment in connection with the collection of the debt.

19. The actions described above damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Evidence obtained through discovery will likely show that Bayside is an alter ego of Bure.

21. Evidence obtained through discovery will likely show that Bayside is undercapitalized.

22. Evidence obtained through discovery will likely show that an inequitable result will follow if Bure is not held liable for the actions of Bayside.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendants violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendants violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at a Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Bayside's phone calls.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendants violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendants violated 15 U.S.C. §1692d by engaging in actions the natural consequence of which is to harass, oppress, or abuse Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendants for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: <u>s/ Timothy J. Sostrin</u>
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff